IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNAH PRADO, et al., | No. CIV S-08-1835-GEB-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| COUNTY OF SISKIYOU, et al., | |
| Defendants. | |
| _____/ | |

      Pending before the court is defendants' motion to compel (Doc. 12) plaintiff Jannah Prado's attendance at an independent medical examination ("IME") by Daniel W. Edwards, Ph.D., at the doctor's office in Sacramento, California, on June 25 and 26, 2009.  A hearing on the motion was held before the undersigned on June 11, 2009, at 10:00 a.m. in Redding, California.  Appearing for plaintiffs was Jacqueline C. Fagerlin, Esq., of The Cardozo Law Offices, Inc., and appearing for defendants was Phillip B. Price, Esq., of the law firm Price & Brown.

/ / /

/ / /

/ / /

1  The parties agree that plaintiff Prado's mental state is in issue and that she should
2  submit to an IME. The parties further agree that the IME can be conducted by defendants'
3  expert, Dr. Edwards. The parties have no dispute as to the scope of the IME or how it will be
4  conducted by Dr. Edwards. The only dispute is with respect to the location of the IME.
5  Defendants want plaintiff Prado to submit to the examination at Dr. Edwards' office in
6  Sacramento, and have agreed to pay plaintiff Prado's reasonable travel expenses. Plaintiff Prado,
7  who lives in Wyoming, refuses to travel to California and suggests that Dr. Edwards go to
8  Wyoming.

Plaintiff states that, due to health issues, she cannot travel to California.
Specifically, she states:

> . . . Ms. Prado was instructed by her treating physician, Dr. Ellen Juhl, that she is *not* to travel to California because of ongoing medical treatment for cancer, thyroid issues, and depression, and because of the negative effect her last trip to California had on Ms. Prado's health.

Plaintiff states that she will not be able to travel to California "in the next several months." In support of her argument, plaintiff provides the declaration of Dr. Juhl. This declaration, however, is short on details. The doctor states that, after plaintiff recently returned from a trip to California for her deposition, ". . . the travel to California affected Jannah Prado's medical condition negatively." The doctor does not provide any specificity. Dr. Juhl also states:

> In my medical opinion, Jannah Prado cannot travel to California at this time because she is undergoing continuous medical treatment for her medical conditions that requires her to be close to her doctors. Due to her ongoing medical treatment and the effect her last trip to California had on Jannah Prado, Jannah Prado should not travel to California for the next several months.

This opinion was rendered May 21, 2009. And, as with the doctor's observation about plaintiff's prior trip to California, she does not provide any specifics as to plaintiff's medical conditions, treatment, or need to remain in Wyoming due to her conditions and treatment.

/ / /

2

It appears that there are no cases in this circuit addressing the issue. However, a district court case from the Eastern District of Wisconsin supports defendants' position. In Landry v. Green Bay & Western R. Co., 121 F.R.D. 400, 401 (E.D. Wis. 1988), the court concluded that, where the plaintiff lives in a city other than the one in which the trial will occur, the plaintiff should travel to the forum city. Defendants point to the lack of specificity in plaintiff's opposition and argue that plaintiff has not presented any facts which show her inability to travel to Sacramento, which is where the trial will occur.

The parties discuss Strasser v. Prudential Ins. Co. of America, 1 F.R.D. 125 (W.D. Ky. 1939), in their briefs. The court outlined the following background:

> On May 15, 1938, the Court sustained defendant's motion that the plaintiff submit to a physical examination by Dr. Barnett Owen, at the expense of the defendant.
> Defendant's answer filed on September 9, 1938, states that Dr. Owen attempted to make a complete examination of the plaintiff on or about June 30, 1938, but that the plaintiff declined to permit the physician to complete such physical examination. On September 22, 1938, the defendant made a motion to require the plaintiff to come to Louisville at the defendant's expense and complete the physical examination by Dr. Owen by submitting to an x-ray examination and such other physical examination as was necessary and proper.
> On September 22, 1938, the plaintiff filed a reply stating that Dr. Owen made an examination of the plaintiff on or about June 30, 1938, but denies that it was only an attempt to make a complete examination and further denies that he has refused to submit himself to a complete examination. The plaintiff further states that owing to his physical, mental, and nervous condition, he is unable to make a trip to Louisville without great danger to his life, that he is confined to his bed and room practically all the time, and that he is willing to have Dr. Owen examine him again at his home at any reasonable time requested.

Id.

The court in Strasser overruled the defendant's motion without prejudice to the defendant's ability to "renew said motion supported by affidavits showing the necessity for such additional examination and the ability of the plaintiff to subject himself to the same." Id. at 126.

/ / /

/ / /

This case appears to put the burden on the defendant to prove that the plaintiff is able to travel for an IME. The court declines to adopt such a rule because it is not workable. In the context of this case defendants have no way of obtaining evidence of plaintiff Prado's current medical condition and ability to travel. Such evidence would readily be found in the form of medical opinions provided by plaintiff Prado's doctors. Because the general rule is that plaintiff must travel to the forum where the action is brought, the burden should be on plaintiff Prado to show that she cannot.

In their reply, defendants cite three cases where the plaintiff was directed to travel to the forum state for an examination. In Warren v. Weber & Heidenthaler, Inc., the court stated that it would "constitute a real handicap to the defendant" to require the defendant to retain a doctor to examine the plaintiff in his home state. 123 F. Supp. 524, 525 (D.C. Mass. 1955). This case is somewhat distinguishable in that the court noted that the case was not a "hardship case." Id. Here, plaintiff Prado is alleging that traveling to California would constitute a hardship. In Baird v. Qaulity Foods, Inc., the court stated that, by submitting to an examination by a doctor in the forum state, the expert would be conveniently available for trial. See 47 F.R.D. 212, 213 (E.D.La. 1969). However, again, the case is distinguishable because the court in Baird specifically noted that "[i]t is not alleged that the trip would be injurious to [the plaintiff's] health." Id. Finally, in Costanza v. Monty, the court granted the defendant's motion for two reasons. See 50 F.R.D. 75, 76 (E.D. Wis. 1970). First, the court stated that having the examination occur in the forum state would ensure that the court would then have jurisdiction over the examining expert should the expert's testimony be needed at trial. See id. Second, the court found that the plaintiff "offers no reason for his inability to come to New York other than the statement that he is financially and physically unable to do so." Id. Costanza is the most similar to the current case and tends to support defendants' motion in that plaintiff Prado has not made a sufficient showing of her inability to travel to California.

/ / /

Given the lack of specific evidence, the court finds that plaintiff Prado has not met her burden of showing that she cannot travel to attend an IME in Sacramento. Defendants' motion is, therefore, granted. Plaintiff Prado, however, is free to seek a protective order based on a more substantial showing from her doctor as to the impact of travel on her medical condition.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 12) is granted; and

2. Absent a protective order, plaintiff Prado shall attend an IME in Sacramento, California, on June 25 and 26, 2009, at the office of Dr. Edwards.

DATED: June 12, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE